(128 So. 477)

## SWITZER v. SWITZER et al.

### No. 30183.

March 31, 1930.

Rehearing Denied May 5, 1930.

■

Prowell, McBride & Ray, and Welton P. Mouton, all of New Orleans, for appellant.

Mayer L. Dresner, of New Orleans, for appellees.

O'NIELL, C. J.

This suit is a disavowal of the paternity of a child of the plaintiff's wife. The suit is brought under the provisions of article 191 of the Civil Code, which, under certain conditions, allows a man to disavow the paternity of a child of his wife, born during the marriage.

The child, in this case, was born at a time when the plaintiff and the child's mother were living apart, and had been living apart continuously for fifteen months, in separate houses, about twelve blocks distant from each other. The district judge, nevertheless, gave judgment in favor of the defendants, mother and child, on the presumption established by article 184 of the Civil Code, that the husband of the mother of all children conceived during the marriage is presumed to be their father, and on the authority of article 189—or the converse of that article—which declares that the presumption of paternity as an incident of the marriage is at an end when the remoteness of the husband from the wife has been such that cohabitation between them was "physically impossible." The plaintiff has appealed from the decision.

He is only twenty years of age and his wife is only eighteen. They were married secretly when he was seventeen and she fifteen, and they thereafter lived with her stepfather for eight months. Then a quarrel occurred between the plaintiff and his wife's stepfather, and plaintiff left the house and went to live with his parents, about twelve blocks away, and has resided there ever since. His wife testified that, after the separation, she met her husband secretly at nights, sometimes in Audubon Park and sometimes in City Park. Her testimony is corroborated, in some measure, by the attendance record of a night school which she was attending, and is in accord with the circumstances of the case. It is denied by the plaintiff, and is not corroborated by the testimony of any one claiming to have seen the young couple together; but the absence of such testimony is accounted for by the fact that the young man was anxious that his parents should not know of his meeting his wife after he was separated from her. The defendants, wife and child of the plaintiff, have the presumption of law in their favor; besides which her testimony impresses us as being intrinsically true.

The judgment is affirmed.